## Abstract of the Decision.

1. MORTGAGES, § 578*—*what constitutes assignment of interest in decrée of foreclosure and not of debt.* Where, pending a suit to foreclose a trust deed given to secure certain notes, the holder of one of the notes assigned his interest in the subject-matter of the suit, *held* that such was not an assignment of such holder's note but of his interest in any decree which might be rendered in the suit and of his right and title to a chose in action.

2. MORTGAGES, § 578*—*what are rights of assignees of interest of cross complainant in decree.* Where, after a decree was entered in a foreclosure suit finding and adjudging a certain cross complainant was entitled to a certain sum under the trust deed sued on, the cross complainant assigned all his interest in the decree, *held* that the assignee took such interest subject to all the equities and rights then existing in prior assignees of the same fund.

3. ASSIGNMENTS, § 24*—*what does not affect right and title of assignee under.* The right and title of an assignee under an assignment of a chose in action being sued upon, which was valid as against subsequent assignees to the fund assigned, would not be affected by the filing in court of a subsequent assignment.

---

## Joseph T. Delfosse, Appellee, v. Anna N. Kendall, Appellant.

### Gen. No. 22,744.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

## Statement of the Case.

Action by Joseph T. Delfosse, plaintiff, against Anna N. Kendall, defendant, to recover on a promissory note for $1,575 signed by defendant, made payable to herself and by her indorsed. From a judgment for plaintiff for $1,737.49, on a directed verdict, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Delfosse v. Kendall, 205 Ill. App. 314.

SAMUEL B. HILL and WILLIAM SCOTT STEWART, for appellant.

GEORGE L. SCHEIN, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 371*—*when evidence of fraud properly excluded as not within defenses made in affidavits of merits.* In an action on an assigned note to which the defendant filed an affidavit of merits that the note was without consideration and was transferred to plaintiff merely for collection and to avoid a defense of fraud, and an amended affidavit of merits denying the execution, indorsement and delivery of the note, evidence that defendant signed the note by trickery and fraud by being led to believe it was a note for a less amount, *held* to be properly excluded as not within the defenses made in the affidavits of merits.

2. BILLS AND NOTES, § 260*—*what defense is not available against bona fide purchaser before maturity.* A defense to a note sued on by an assignee that it had been transferred in violation of an agreement made when it was signed that it would not be assigned, *held* to be unavailable in an action on the note brought by one who procured it for a valuable consideration before maturity and without notice of such defense.

3. BILLS AND NOTES, § 371*—*when affidavit of merits is insufficient to warrant admission of evidence of fraud in procuring signature.* An averment in an affidavit of merits that the defendant had not executed or indorsed the note sued on, *held* insufficient to warrant the admission of evidence that defendant had signed and indorsed the note as the result of fraudulent conduct on the part of the party procuring its execution.

4. APPEAL AND ERROR, § 1361*—*what does not constitute abuse of discretion warranting reversal.* Refusal of the court to permit the defendant during the course of trial to file an additional affidavit of merits, *held* under the circumstances not such abuse of judicial discretion as to warrant reversal.

5. NEW TRIAL, § 102*—*when affidavit as to discovery of new facts filed on motion to vacate judgment is insufficient.* An affidavit of defendant's counsel, filed on motion to vacate a judgment, that he

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

had discovered new facts which if introduced on another trial would contradict certain statements of plaintiff, *held* to be insufficient to show why such facts were not introduced at the trial or before judgment, or to materially aid in determining plaintiff's right to recover.

## Wolfe Adolphus, Appellee, v. Anna N. Kendall, Appellant.

### Gen. No. 22,746.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding.   Heard in this court at the October term, 1916.   Affirmed.   Opinion filed April 16, 1917.   *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Wolfe Adolphus, plaintiff, against Anna N. Kendall, defendant, to recover on two promissory notes for $1,000 and $500, respectively, signed by defendant, made payable to her order and indorsed by her.   From a judgment for plaintiff for $1,600, on a directed verdict, defendant appeals.

SAMUEL B. HILL and WILLIAM SCOTT STEWART, for appellant.

GEORGE L. SCHEIN, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1.   BILLS AND NOTES, § 447*—*when evidence sufficient to show alteration in date of notes.*   Evidence *held* insufficient to warrant finding that the notes sued on had been altered in their date.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.